UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RANDY ZAPATA,

    Plaintiff,

v.                                            Case No.:  2:24-cv-1144-SPC-NPM

BANK OF AMERICA and FRAUD
DEPARTMENT
REPRESENTATIVES,

    Defendants.
_____/

### **ORDER**

Before the Court is Plaintiff Randy Zapata's Complaint. (Doc. 1). Because his Complaint is insufficient, the Court dismisses it with leave to amend.

Plaintiff brings this action pro se. Pro se complaints are construed liberally and held to less stringent standards than formal pleadings that lawyers draft. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But this leniency has its limits. Courts neither "serve as de facto counsel for a [pro se] party," nor "rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69 (citation omitted); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (pro se litigants are "subject to

the relevant law and rules of court, including the Federal Rules of Civil Procedure").

There is no point in beating around the bush, the Court has no clue what this case is about. There is not a single fact alleged in the Complaint. In fact, the Complaint consists only of the text of a statute—18 U.S.C. § 1344. Based on this, the Court can surmise this case has something to do with bank fraud. But even so, this is a criminal statute with no private right of action. *See Thomson v. Virgo*, No. 8:21-CV-478-MSS-JSS, 2021 WL 10410919, at *1 (M.D. Fla. June 3, 2021). So the one claim Plaintiff seems to assert fails.

At the most basic level, the Complaint must include a short and plain statement of the claim showing Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). This entails pleading enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Bare labels and conclusions are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Because Plaintiff's Complaint falls well short of this pleading standard, it must be dismissed.

One more point. Plaintiff has not paid the filing fee or moved to proceed *in forma pauperis*. To the extent he files an amended complaint, he must do so.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED without prejudice.**

2. On or before **January 3, 2025**, Plaintiff must file an amended complaint that satisfies the pleading requirements. By this same date, Plaintiff must pay the filing fee or move to proceed *in forma pauperis*. **Failure to do so will cause the Court to close this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 18, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3